IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PANFILO GONZALES SANTOS a/k/a PANFILO GONZALEZ SANTOS, BENJAMIN GONZALEZ SANJUAN, and GILBERTO GONZALEZ SANJUAN, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) | COMPLAINT |
| M.A.C. GRADING CO., CHRISTOPHER HALES, and MELISSA D. HALES, | ) ) ) | COLLECTIVE ACTION § 216(b) Civil Action No.: |
| Defendants. | ) ) | |

I. <u>PRELIMINARY STATEMENT</u>

1.    This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and a class action under the NC Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. by three former employees against a closely held corporate defendant operated by the husband and wife defendants for their pallet construction and repair business enterprise in and around Autryville in Sampson County, North Carolina.

2.    The defendant corporation was and is part of a single business enterprise operated by its owner/officers defendants Melissa D. Hales and Christopher Hales since at least 1998 in one or more counties in North Carolina that are listed in 28 U.S.C. §§ 113(a).  This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiffs and the group of workers they seek to represent in a collective action pursuant to 29 U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. §207 when the defendants jointly and severally employed the plaintiffs and that group of workers to perform hours worked in excess

1

of forty hours in the same workweek.

3.    It is also brought as a class action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) based upon the defendants' failure to pay all promised wages when due on the regular scheduled payday for the plaintiffs and those employees who are similarly situated to them based upon the defendants' failure to pay promised wages at 1½ the promised regular rate for all hours worked by the plaintiffs and other similarly situated persons whom the defendants employed to construct or repair pallets as part of the commercial pallet construction and repair business enterprise operated by the defendants.

4.    In the alternative, in the event that the plaintiff's employment by the defendants in excess of 40 hours in the same workweek is not covered by § 207(a) of the FLSA, this action is brought under Rule 23(b)(3), Fed.R.Civ.P., N.C.Gen.Stat. §§ 95-25.4 and 95-25.22(a)-(a1) of the NCWHA based upon the defendants' failure to pay the named plaintiffs and all similarly situated employees all wages when due for all hours worked at the overtime rate required by N.C.Gen.Stat. § 95-25.4 for those workweeks in which the hours worked by the plaintiffs and those other similarly situated employees were in excess of forty hours in the same workweek.

5.    Based upon their claims under 29 U.S.C. § 207 of the Fair Labor Standards Act, their NCWHA claims under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 95-25.22(a), and 95-25.22(a1) that are described in ¶3 above, and the plaintiffs' alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.22(a), and 95-25.22(a1) of the NCWHA that are described in ¶4 above, the plaintiffs, and the class and the collective group of workers they seek to represent under the FLSA and the NCWHA seek payment of back wages and an equal amount of liquidated damages, attorney fees,

2

interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

II.   JURISDICTION

6.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7.    This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

III.  VENUE

8.    Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b).  At all times relevant to this action continuing through the present date, a substantial part of the events or omissions by the defendants giving rise to this action occurred in one or more of the counties listed in 28 U.S.C. § 113(a), and defendants had and continues to have permanent offices located at 971 Leroy Autry Road, Autryville, North Carolina 28318 at all times relevant to this action.

IV.   NAMED PLAINTIFFS

9.    From well before August 2015 and continuing through at least August 21, 2018, Plaintiffs Panfilo Gonzales Santos also known as (a/k/a) Panfilo Gonzalez Santos, Benjamin Gonzalez Sanjuan, and Gilberto Gonzalez Sanjuan were all continuously employed by M.A.C. Grading Co. in the pallet construction and repair enterprise operated by defendants Melissa D. Hales and Christopher Hales.  During that entire time period and continuing through the present date, all plaintiffs lived and continue to live in Sampson County, North Carolina.

10.   During the entire time period described in paragraph 9 above and for the entire time period described in paragraph 24 below, the work of the plaintiffs and the employees of the defendants that they seek to

represent was, is, and will be in the production or repair of wooden pallets that, upon information and belief, were, are, and will be for interstate commerce that were, are, and will be in substantial part sold to buyers and/or for use outside of North Carolina.

11. During each of the four chronological years immediately preceding the date on which this action was filed and for the entire time period described in paragraph 24 below, upon information and belief, the plaintiffs and the workers that they week to represent were employed in an enterprise that was owned and operated by the defendants that:

(a) had and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than the defendants, and

(b) is and for each chronological year starting with October 1, 2015 and continuing through the present date, was an enterprise whose annual gross volume of sales made or business done is and was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

V. DEFENDANTS

12. At all times relevant to this action, the defendant closely held for profit corporation M.A.C. Grading Co. (hereinafter referred to as "MAC") was and continues to be a single business enterprise owned and operated by defendants Christopher Hales and his spouse Melissa D. Hales since at least 2011.

13. At all times relevant to this action, defendant MAC engaged in the construction and repair of wooden pallets for the use and sale of those pallets in interstate commerce.

4

14.    On information and belief, at all times relevant to this action, the facility at which defendant MAC engaged in the construction and repair of pallets was and continues to be located at 971 Leroy Autry Road, Autryville, Sampson County, North Carolina 28318.

VI.    <u>FLSA STATUTORY CLASS ACTION ALLEGATIONS</u>

15.    The named plaintiffs maintain this action against all of the defendants, jointly and severally, for and on behalf of himself and all other similarly situated current and/or former joint employees of the defendants who jointly employed them and those other similarly situated persons to perform hours worked in the construction and repair of pallets in and around Sampson County, North Carolina for each workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

16.    The statutory class of similarly situated persons under 29 U.S.C. §216(b) described in ¶15 above is based upon the failure of the defendants to pay an overtime premium required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek to the named plaintiffs and each member of that statutory class that the named plaintiffs seek to represent for each hour or part of an hour of actual work that each such similarly situated person was jointly or severally employed by one or more of the defendants to perform hours worked in the

5

construction and repair of pallets as part of the defendants' enterprise described in ¶¶9-14 above in the time period described in ¶15 above.

VII. <u>FIRST RULE 23(b)(3) CLASS (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

17. The named plaintiffs seek to represent a class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.13(1)-(2), and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805 that consists of the named plaintiffs and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in the defendants' enterprise described in ¶¶9-14 above who were not employed in a bona fide executive capacity under 29 U.S.C. § 213(a)(1), and who:

(a) Performed hours worked in the construction and repair of pallets as part of the defendant's enterprise described in ¶¶9-14 above for any workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing thereafter until a court of competent jurisdiction enters final judgment in this action, and

(b) Were, are and/or shall be jointly or severally employed by one or more of the defendants to perform hours worked more than forty (40) hours in the same workweek but were not paid promised wages at a rate of 1½ times the regular rate at which each such employee was or will be jointly or severally employed by the defendants for all hours worked over 40 in the same workweek, and

(c) To whom one or more of the defendants disclosed pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) the defendants' employment practices and policies with regard to promised wages for those employees who worked more than 40 hours worked in the same workweek.

18. On information and belief, the class defined in ¶17 above of

this complaint consists of in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members who are former employees of the defendants, the limited education possessed by a significant number of the class members, and the limited ability to communicate in English of a significant number of the class members.

19. The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed. R. Civ. P., are: (a) Whether the defendants jointly operated the enterprise that is alleged and described in ¶¶9-14 above of this complaint? (b) Whether the defendants jointly and severally employed the named plaintiffs and the class members defined in ¶¶17(a)-(c) above that they seek to represent as part of the enterprise that is described in ¶¶9-14 above? (c) Whether the defendants jointly and severally employed the plaintiffs and the members of the class defined in ¶¶17(a)-(c) above for in excess of 40 hours worked during any workweek during the time period covered by the class defined in ¶¶17(a)-(c) above? (d) For the work described in ¶¶17(a)-(c) above, did one or more of the defendants disclose pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) to the named plaintiffs and the members of the class defined in ¶¶17(a)-(c) above that the named plaintiffs seek to represent that the defendants would pay promised wages at 1½ times the regular rate of pay of the named plaintiffs and the class members defined in ¶17(a)-(c) above that the named plaintiffs seek to represent for all hours worked in excess of 40 in the same workweek, (e) whether the defendant is covered by the FLSA; and (f) whether the records of the defendants demonstrate that the named plaintiffs and the putative members of the class defined in ¶17(a)-(c)

7

above performed hours worked in excess of forty (40) hours in the same workweek?

20. The claim of the named plaintiffs are typical of the claims of the class of persons defined in ¶¶17(a)-(c) above in that the defendants jointly and severally employed them and those class members defined in ¶¶17(a)-(c) above in the enterprise described in ¶¶9-14 above to perform hours worked in excess of 40 hours in the same workweek and failed to pay them and those same putative class members promised wages at 1½ times their regular hourly rate of wages for each hour or part of an hour(s) worked that the defendants jointly and severally employed the named plaintiffs and those same class members they seek to represent.

21. The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶¶17(a)-(c) above of this complaint. The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for many class actions.

22. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶17(a)-(c) under Rule 23(b)(3).

23. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a) The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶17(a)-(c) above, substantially diminish the interest of members of the class defined in ¶¶17(a)-(c) to individually control the prosecution of separate actions;

(b) Many members of the class defined in ¶¶17(a)-(c) are unaware of their rights to prosecute these claims and lack the means or

resources to secure legal assistance;

(c)    Upon information and belief, there is no pending litigation against the corporate and individual defendants named in this action by the members of the class defined in ¶¶17(a)-(c) above to determine the questions presented, and, upon information and belief, the FLSA and NCWHA claims alleged in this action have not been the subject of any previous litigation;

(d)    It is desirable that the claims be heard in this forum because the corporate defendant's sole permanent office is located in this district, the two individual defendants reside in this district, and the cause of action arose in this district;

(e)    A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶17(a)-(c) above.

VIII. <u>FACTUAL ALLEGATIONS</u>

24.    At all times in the three year time period immediately preceding the date on which this action was filed and continuing thereafter, the named plaintiffs and/or the similarly situated employees of the defendants that are described in ¶¶9-17, inclusive, above of this complaint were jointly and severally employed in the defendants' enterprise that is described in ¶¶9-14 above by the defendants to construct and repair pallets for the defendants' customers in both North Carolina and South Carolina for varying periods of time described in ¶¶9-17, inclusive above of this complaint in that same enterprise. At all times relevant to this action, the defendants regularly employed in the defendants' enterprise a workforce of approximately thirty (30) employees that the two individual defendants assigned to work to perform

9

different tasks on any given day.

25.  The defendants jointly and severally employed the named plaintiffs until on or about August 21, 2018 when they were all involved in a work action that concerned the defendants' decision to implement a new and lower piece rate for the repair of pallets.  After the plaintiffs and other employees of the defendants protested the defendants' unilateral implementation of this new piece rate based upon the plaintiffs' belief that payment of wages strictly on the basis of that piece rate would not allow them to earn hourly wages at a living wage, the defendants told them that their employment was terminated.

26.  Through at least August 21, 2018 and, upon information and belief, continuing thereafter until the present date, the defendants compensated their employees who were employed to repair pallets strictly on a piece rate basis with no additional compensation regardless of the quantity of hours worked in each workweek in which the named plaintiffs and the employees were jointly employed by the defendants.

27.  The defendants directed, controlled, and supervised the plaintiffs' work and the work of the employees who worked with the named plaintiffs at the defendants' manufacturing site in or around Autryville, North Carolina.  That direction and control included but was not limited to, regular determinations as to specific work assignments, deciding the number of workers who would be allowed to work at a particular worksite along with the plaintiffs, and deciding when and for how long the plaintiffs would be allowed compensated rest breaks during their workday.  In 2017,

28.  The defendants provided and paid for workers' compensation insurance for the work performed by the plaintiffs and the workers who worked with the plaintiffs as part of the defendants' enterprise.

29. The defendants supplied, fueled, and maintained all of the major equipment and vehicles that were necessary for the day to day operation of manufacturing site at which the named plaintiffs and their co- workers constructed and repaired pallets as part of the defendants' enterprise. The equipment supplied by the defendants included, but was not limited to generators, saws, fuel for the generator, wood for the pallets, and other materials and equipment.

30. The defendants supplied all of the funds to pay the named plaintiffs and their co-workers, determined their rates of pay, and when and how they were paid.

31. The defendants had final say as to who was hired to work on pallets. The defendants had the right to fire the named plaintiffs any time as at will employees, and the defendants did not hire the named plaintiffs or any of their co-workers for any specific duration or any specific project.

32. The defendants had final say as to who was fired or disciplined for misconduct at work in the work that the named plaintiffs performed for the defendants.

33. None of the plaintiffs operates an independent business, and they all were economically dependent upon the defendants for work and wages on a day to day basis.

34. In or about 2015 and in each year thereafter until in or about 2017, defendant Christopher Hales or some other representative with authority acting on the authority of all of the defendants, notified all plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c) above that each of those same employees would be paid at the regular hourly rate of $7.25/hour for the hours worked when they constructed pallets in the defendants' enterprise at any time in

calendar 2015 up until in or about 2017.

35. In or about 2017 and in each year thereafter, defendant Christopher Hales or some other representative with authority acting on the authority of all of the defendants, notified all plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c) above that each of those same employees would be paid at the regular hourly rate of $8/hour for the hours worked when they constructed pallets in the defendants' enterprise at any time in calendar 2017 and thereafter.

36. In or about 2015 and in each year thereafter, defendant Christopher Hales or some other representative with authority acting on the authority of all of the defendants also notified the named plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c) above that each of those same employees would be paid at a piece rate basis of $0.45 per Class A Pallet they repaired when the defendants jointly and severally employed one or more of them to repair Class A pallets in one or more workweeks in that same time period.

37. In or about 2015 and in each year thereafter, defendant Christopher Hales or some other representative with authority acting on the authority of all of the defendants, further notified all plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c) above that each of those same employees would be paid at a piece rate basis of $0.35 per Class B Pallet they repaired when the defendants jointly and severally employed one or more of them to repair Class B pallets in one or more workweeks in that same time period.

38. Starting before 2015 and continuing without interruption thereafter, when the named plaintiffs and the similarly situated employees and class that they seek to represent that are described in ¶¶15 and 17(a)-(c) above constructed pallets, the defendants paid them

12

at a straight hourly rate without any extra compensation for hours worked over forty in the same workweek during that same year.

39. In the time period beginning with the date falling three chronological years immediately preceding the date on which this action was filed and ending with the date falling two chronological years immediately preceding the date on which this action was filed, the plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c) above worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶9-14 above, and constructed and/or repaired pallets for wages that are described in ¶¶26 and 34-38, inclusive, above of this Complaint.

40. In the time period beginning with the date falling two chronological years immediately preceding the date on which this action was filed and ending with the date falling one chronological year immediately preceding the date on which this action was filed, the plaintiffs and the similarly situated employees described in ¶¶15 and 17(a)-(c), inclusive, worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the defendants' enterprise described in ¶¶9-14 above, and constructed and/or repaired pallets for wages that are described in ¶¶26 and 34-38, inclusive, above of this Complaint..

41. In the time period beginning with the date falling one chronological years immediately preceding the date on which this action was filed and ending with the date the date this action was filed, on information and belief the similarly situated employees described in ¶¶15 and 17(a)-(c), inclusive, worked at least four workweeks in which they all performed more than 40 hours worked for the defendants in the

13

defendants' enterprise described in ¶¶9-14 above, and constructed and/or repaired pallets for wages that are described in ¶¶26 and 34-38, inclusive, above of this Complaint.

42.    Acting pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2), for the years in which the plaintiffs and each member of the class defined in ¶¶17(a)-(c) above first began that person's joint and several employment by the defendants in the defendants' enterprise and continuing in each year thereafter through the present date, the defendant disclosed its employment practices and policies with regard to promised wages to the named plaintiffs and those persons who were and/or are members of that same class and group.

43.    Acting pursuant to 29 C.F.R. § 516.4 and 29 U.S.C. § 211(c), for the year in which the plaintiffs and each member of the collective group of employees defined in ¶15 above first began that person's joint and several employment by the defendants in the defendants' enterprise and continuing in each year thereafter through the present date, the defendant disclosed its employment practices and policies with regard to application of the minimum wage and overtime provisions of the FLSA to the named plaintiffs and those persons who were and/or are members of that same collective action.

44.    Among the disclosures described in ¶42 above that the defendants made to the named plaintiffs and those employees who are members of the class action defined in ¶¶17(a)-(c) above was that defendants paid and would pay promised wages for all hours worked at 1½ times the regular hourly rate of compensation paid to the plaintiffs and those same employees for all hours worked in excess of 40 hours in the same workweek in the defendants' enterprise.

45.    Among the disclosures described in ¶43 above that the

14

defendants made to the named plaintiffs and those employees who are members of the collective action defined in ¶¶15-16 above was that defendants paid and would pay wages for all hours worked at 1½ times the regular rate of compensation paid to the plaintiffs and those same employees for all hours worked in excess of 40 hours in the same workweek in the defendants' enterprise.

46. During all of calendar years 2015, 2016, 2017, 2018, and 2019, and continuing thereafter, the defendants failed to pay to the named plaintiffs and the employees described in ¶¶15-16 above required wages at 1½ times the regular rate for all hours worked over 40 in the same workweek that the defendants jointly and severally employed the named plaintiffs and each member of the collective action described in ¶¶15-16 above of this Complaint.

47. During all of calendar years 2016, 2017, 2018, and 2019, and continuing thereafter the defendants failed to pay to plaintiffs and the employees described in ¶17(a)-(c) above promised wages under N.C.Gen.Stat. § 95-25.13(1)-(2) and 13 NCAC Tit. 12 § .0803 at 1½ times the regular hourly rate for all hours worked over 40 in the same workweek that the defendants employed the named plaintiffs and each member of the class described in ¶¶17(a)-(c) above of this Complaint.

48. As a direct and proximate result of the actions and omissions that are alleged in ¶46 above, the named plaintiffs and the members of the collective action defined in ¶¶15-16 above who worked in excess of forty (40) hours per week in the same workweek did not receive wages at the rate and in the amount required by 29 U.S.C. § 207 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

49. As a direct and proximate result of the actions and omissions that are alleged in ¶47 above, the named plaintiffs and the members of

the class action defined in ¶¶17(a)-(c) above who worked in excess of forty (40) hours per week in the same workweek did not receive promised wages when those promised wages were due on their regular weekly payday at the rate and in the amount required by N.C.Gen.Stat. § 95-25.6 or, in the alternative, in the amount required by N.C.Gen.Stat. § 95-25.4.

50.   During all of those same workweeks described in ¶¶17(a)-(c) and 24-42, inclusive, above, the named plaintiffs and the class of similarly situated employees defined in ¶¶17(a)-(c) above had and have an express or implied agreement with the defendants that one or more of the defendants would pay them all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that the defendants disclosed to them pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked that the named plaintiffs and those same similarly situated employees performed for defendants in the defendants' enterprise as alleged above.

51.   The defendants have not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶50 above, and by failing to comply, has failed to pay the named plaintiffs and the class of similarly situated employees defined in ¶¶17(a)-(c) above all of the promised wages that the named plaintiffs and that same class of similarly situated employees were and are due when those promised wages were due on their regular payday in violation of G.S. § 95-25.6.

52.   Long before 2015, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek,

16

and what is and was considered to be the regular rate at which an employee is employed under the FLSA and the NCWHA. The defendants acted in reckless and willful disregard of the requirements of the FLSA with respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the plaintiffs and the members of the collective action defined in ¶¶15-16 to payment of wages at the overtime rate required by 29 U.S.C. § 207(a) have been violated for the entire three-year time period immediately preceding the date on which this action was filed.

IX.  <u>FIRST CLAIM FOR RELIEF (FLSA § 207)</u>

53.  Paragraphs 1 through 52 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the collective action described in ¶¶15-16 above of this complaint that the named plaintiffs seek to represent pursuant to 29 U.S.C. §216(b) against all defendants.

54.  The defendants did not pay all wages due to the named plaintiffs and the collective group of persons defined in ¶¶15-16 above of this complaint that the named plaintiffs seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-16, inclusive, ¶¶24-41, inclusive, ¶43, ¶¶45-46, and ¶48 above of this Complaint that was part of the defendants' enterprise that is described in ¶¶9-14 above.

55.  As a result of the willful and reckless disregard of the right of the plaintiffs and the members of the collective action defined in ¶¶15-16 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named plaintiffs and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C.

§216(b).

X.    <u>SECOND CLAIM FOR RELIEF (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

56.    Paragraphs 1 through 51 above are realleged and incorporated herein by reference by the named plaintiffs and the class of persons defined in ¶¶17(a)-(c) above against all defendants.

57.    The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs for the work described in ¶¶9-14, 17(a)-(c), and 24-42 above of this Complaint in violation of the agreement described in ¶¶50-51 above of this Complaint, the disclosures described in ¶¶42, 44, 47, 49 above, and N.C.Gen.Stat. §§ 95-25.13(1)-(2), and 95-25.6.

58.    As a result of these actions of the defendants in violation of the rights of the named plaintiffs and the members of the class defined in ¶¶17(a)-(c) above, the named plaintiffs and the members of that class have suffered damages in the form of unpaid wages, interest on unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XI.    <u>THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA § 95-25.4)</u>

59.    In the alternative to the First Claim for Relief alleged in ¶¶53-55 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶1 through 14, and 17-47, inclusive, above are realleged and incorporated herein by reference by the named plaintiffs against all defendants under the NCWHA.

60.    The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs for the work described in ¶¶9-14, 17(a)-(c), and 20-42, 44, 47, and 49-51, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-

18

25.4 and 95-25.6.

61.  The defendants did not pay all wages due when those wages were due at the rate required by N.C.Gen.Stat. § 95-25.4 to the named plaintiffs and the members of the class defined in ¶¶17(a)-(c) for the work described in ¶¶9-14, 17(a)-(c), and 20-42, 44, 47, and 49-51, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

62.  As a result of these actions of the defendants in violation of the rights of the named plaintiffs and the class defined in ¶¶17(a)-(c) above under N.C.Gen.Stat. §§ 95-25.4 and 95-25.6, the named plaintiffs and the members of the class defined in ¶¶17(a)-(c) have suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiffs respectfully request that the Court:

(a)  Grant a jury trial on all issues so triable;

(b)  Certify the named plaintiffs as representative of the group of persons defined in ¶¶15-16 above of this Complaint in a collective action for back wages and liquidated damages under 29 U.S.C. §§ 207(a) and 216(b) pursuant to 29 U.S.C. §216(b);

(c)  Certify the named plaintiffs as representatives of the class of persons defined in ¶¶17(a)-(c) above of this Complaint in a class action for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(d)  In the alternative to certification of the plaintiffs as representative of the group of persons defined in ¶¶15-16 above as prayed for in ¶(b) above of the Prayer for Relief, certify the named

19

plaintiffs as representative of the class of persons defined in ¶¶17(a)-(c) above of this Complaint in a class action for back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(e) Enter judgment under the FLSA against defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales, jointly and severally, and in favor of the named plaintiffs and each member of the collective action defined in ¶¶15-16 above for compensatory damages against the defendants under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs and each member of that same collective action under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiffs and each member of that same collective action performed any of the work described in ¶¶9-16, inclusive, and ¶¶24-41, inclusive, ¶43, ¶¶45-46, and ¶48 above of this Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. § 216(b), plus any interest in the manner and at the rate authorized by law under 29 U.S.C. § 216(b);

(f) Enter judgment under the NCWHA against defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales, jointly and severally, and in favor of the named plaintiffs and each member of the class action defined in ¶¶17(a)-(c) above for compensatory damages against the defendants under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs and each member of that same collective action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, and 95-25.22(a) for any workweek in which the named plaintiffs and each member of that same class action performed any of the work described in ¶¶9-14, 17(a)-(c),

20

and 24-42 above of this Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(g)  in the alternative to the relief prayed for in ¶(e) above under the FLSA, enter judgment under the NCWHA against defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales, jointly and severally, and in favor of the named plaintiffs and each member of the class action defined in ¶¶17(a)-(c) above for compensatory damages against the defendants under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs and each member of that class action defined in ¶¶17(a)-(c) above under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, and 95-25.22(a) for any workweek in which the named plaintiffs and each member of that same class action performed any of the work described in ¶¶9-14, 17(a)-(c), and 20-42, 44, 47, and 49-51, inclusive, above of this Complaint, inclusive, above of the Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(h)  Award the named plaintiffs the costs of this action against the defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales, jointly and severally;

(i)  Award the named plaintiffs reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales, jointly and severally;

(j)  Award prejudgment and post judgment interest against the defendants M.A.C. Grading Co., Christopher Hales, and Melissa D. Hales,

jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (f) and/or (g) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(k)  Award such other relief as may be just and proper in this action.



This the 6th day of November, 2019.

                  LAW OFFICE OF ROBERT J. WILLIS, P.A.

          BY:/s/Robert J. Willis
                Robert J. Willis
                Attorney at Law
                NC Bar #10730
                (mailing address)
                P.O. Box 1828
                Pittsboro, NC  27312
                Tel:(919)821-9031
                Fax:(919)821-1763
                488 Thompson Street
                Pittsboro, NC  27312
                Counsel for Plaintiffs
                rwillis@rjwillis-law.com